**25DU-CC00132**

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

## IN THE CIRCUIT COURT OF DUNKLIN COUNTY, MISSOURI

| | | |
|---|---|---|
| **KEVIN SHERIDAN**, | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| **SIEMENS ENERGY GENERATION** | ) | |
| **SERVICES CO.** | ) | |
| | ) | Division |
| | ) | |
| Serve Registered Agent: | ) | |
| C T CORPORATION SYSTEM | ) | Jury Trial Demanded |
| 5661 Telegraph Rd Ste 4B | ) | |
| Saint Louis, MO 63129-4275 | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Kevin Sheridan by and through his attorney of record, Thomas

Ahlbrandt of The Ahlbrandt Law Firm, LLC, and for his causes of action against Defendant

Siemens Energy Generation Services Company, states and alleges as follows:

## GENERAL ALLEGATIONS

1.     The claims in this Petition arise out of Plaintiff's employment relationship with

Defendant.

2.     Defendant employed Plaintiff at its Campbell, Missouri location starting on

March 5, 2024.

1

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

3.     The unlawful conduct alleged herein occurred at Plaintiff's place of employment, which was located in Campbell, Dunklin County, Missouri at all relevant times as stated and alleged herein.

4.     In violation of the Americans with Disabilities Act ("ADA"), Plaintiff was subjected to unlawful discrimination and retaliation by Defendant on the basis of his disability and/or his perceived disability.

5.     Plaintiff is an individual and was at all relevant times herein, an Illinois resident.

6.     Defendant is a foreign corporation that is registered to do business in Missouri.

7.     Jurisdiction and venue over the parties is proper because the conduct described herein occurred in Dunklin County, Missouri.

8.     At all relevant times, Defendants employed more than 15 individuals and is therefore an employer within the meaning of ADA.

9.     This action arises under the ADA.

10.     Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue Letter from the EEOC dated September 8, 2025. A true and accurate copy of the notice is attached hereto as Exhibit A and incorporated herein by reference.

11.     Jurisdiction is invoked pursuant to ADA under 42 U.S.C. § 12112 *et seq*.

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

**STATEMENT OF FACTS**

12.     Plaintiff was offered a job by Defendant as a Crane Operator at its Campbell, MO worksite on February 23, 2024 to begin on March 5, 2024 until his employment was unexpectedly terminated on March 8, 2024.

13.     Plaintiff has over 15 years of experience as a Crane Operator and was capable of performing his job duties during February and March 2024.

14.     Despite this, Plaintiff was suddenly laid off by Defendant on March 8, 2024 after Plaintiff's Supervisor stated to Plaintiff that after watching him climb the stairs to get to the crane, he could not have Plaintiff at the job site, and got Plaintiff laid off.

15.     Plaintiff opposed the conduct and stated to Defendant (through his supervisor) that Defendant was well aware of Plaintiff's disabilities, but knew that Plaintiff could perform the essential duties of his job without any issues or accommodations. Despite this Defendant stated that Plaintiff was not "fit for duty".

16.     Plaintiff suffers from spinal stenosis, has right knee problems, and hearing problems. Plaintiff had worked on other job sites for Defendant, who was aware of these disabilities, but Plaintiff had been able to perform the job duties without accommodation at previous job sites, other than a parking pass to come into the work site.

17.     Defendant terminated Plaintiff's employment anyway. The reason for termination on the paperwork falsely stated that it was for "lack of work" available.

18.     Upon information and belief, Defendant continued to hire employees, including other crane operators, immediately after terminating Plaintiff's employment.

3

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

19.     After continuing to make complaints about the conduct, Plaintiff was offered another role at a different job site after speaking with Defendant's Resource Coordinator. Plaintiff also perceived this new job offered to him as a demotion: it paid less, had fewer benefits, and actually involved more climbing of stairs (which was the entire reason Plaintiff was terminated from the subject Crane Operator job – supposedly being unfit to ascend the stairs).

20.     Defendant was on actual or constructive notice of Plaintiff's disabilities for the aforementioned reasons.

21.     Alternatively, Defendant perceived Plaintiff as having at least one disability that affected a major life activity, or regarded him as having a disability that affected a major life activity.

22.     Defendant's rationale for termination of Plaintiff's employment was pretextual, and the true reason was discriminatory on the basis of Plaintiff's disability and/or perceived disability.

23.     Defendant's termination of Plaintiff's employment and subsequent pay decrease and demotion was retaliatory for Plaintiff's complaints about the discriminatory conduct.

24.     As a result of Defendant's conduct, Plaintiff has suffered harm and damage in the form of emotional distress, loss of income, and lost opportunities for advancement from the time of his termination and continuing.

## COUNT I: ADA DISABILITY DISCRIMINATION

For his cause of action against Defendant under Count I of this Petition for Damages, Plaintiff states and alleges as follows:

25.     Plaintiff realleges and incorporates paragraphs 1 – 25 of the above Petition into

4

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

Count I as if fully stated herein, and additionally states the following in support of Count I.

26.     Plaintiff has a disability that affects at least one major life activity. He is a member of a protected group pursuant to the ADA.

27.     Alternatively, Plaintiff was perceived as having a disability and/or was regarded as having a disability by Defendant.

28.     Defendant's actions as discussed above, constitute disability discrimination in violation of the ADA.

29.     Plaintiff was subjected to discriminatory conduct by Defendant, which was made on the basis of his disability and/or his perceived disability.

30.     Plaintiff's termination was discriminatory in nature on the basis of his disability and/or his perceived disability.

31.     Plaintiff's disability and/or his perceived disability was the motivating factor in Defendants' decision to terminate Plaintiff's employment.

32.     Defendants' actions were undertaken maliciously or in reckless disregard for Plaintiff's right to be free from discrimination.

33.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

For his cause of action against Defendants under Count II of this Petition for Damages, Plaintiff states and alleges as follows:

5

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

34.     Plaintiff realleges and incorporates paragraphs 1 – 34 of the above Petition into Count II as if fully stated herein, and additionally states the following in support of Count II.

35.     Plaintiff engaged in protected activity when he complained of discrimination and opposed his supervisor's conduct toward him on and after the date of his termination of employment.

37.     Defendant took adverse employment action against Plaintiff in violation of the ADA.

38.     Plaintiff's complaints were a motivating factor in Defendant's adverse employment action and discriminatory conduct against him.

39.     Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

40.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination and retaliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant on each previously enumerated count and claim and prays this Honorable Court to declare the conduct engaged in by Defendant to be a violation of Plaintiff's rights, and to Order the following:

a. enjoin Defendant from engaging in such conduct;

Electronically Filed - Dunklin - December 02, 2025 - 05:15 PM

b. award Plaintiff equitable relief of back pay, and if appropriate and applicable, front pay;

c. award Plaintiff compensatory, and liquidated damages;

d. award Plaintiff damages for pain and suffering;

e. award Plaintiff his costs and attorney's fees; and

f.  grant such other relief as it may deem just and proper.

### DEMAND FOR JURY TRIAL

41.    Plaintiff demands a jury trial on all counts so triable.

Respectfully submitted,

/s/*Thomas M. Ahlbrandt*
Thomas M. Ahlbrandt, MO#67797
The Ahlbrandt Law Firm, LLC
9237 Ward Parkway, Suite 100
Kansas City, MO 64114
T: (816) 490-6301
tom@ahlbrandtlaw.com
**Attorney for Plaintiff**